**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CITY OF ELK CITY and ELK CITY PUBLIC WORKS AUTHORITY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-06-0035-F ) |
| BECKHAM COUNTY RURAL WATER DISTRICT NO. 3, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Two motions are before the court:  Plaintiffs' "Motion to Remand," filed February 13, 2006 (doc. no. 7), and Plaintiffs' "Motion to Certify Questions of State Law to the Oklahoma Supreme Court."  (Doc. no. 8.)  Defendant has responded, and both motions are ready for disposition.

## I. Background

It is necessary to briefly describe the dispute presented by this action.  This description merely provides context; it is not intended as a formal statement of the issues, and it does not include any fact-findings.

Plaintiffs are the City of Elk City and Elk City Public Works Authority. Defendant is the Beckham County Rural Water District No. 3.  Plaintiffs (the city entities) have sued defendant (the water district), alleging that the Oklahoma statute upon which the water district relied as providing authority for the water district to enter into contractual loan obligations with the U. S. Department of Agriculture, 82 O.S. Supp. 2001 § 1324.10, is unconstitutional under Article 5, § 51 of the Oklahoma

Constitution, with the result that the water district did not have authority to enter into the loan agreements with the federal government.

Article 5, §51 of the Oklahoma Constitution provides: "The Legislature shall pass no law granting to any association, corporation, or individual any exclusive rights, privileges, or immunities within this State." Title 82 O.S. Supp. 2001 §1324.10 provides that a district incorporated under that provision has the power to borrow money and accept grants from the United States or from any agency designated by the United States and to enter into such agreements as the United States or its agency may require and to make any and all contracts necessary or convenient for the exercise of the powers of the district. Title 7 U.S.C. § 1926(b) provides that service provided or made available through the Department of Agriculture to rural water districts shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan.

The gist of the city entities' position is that to the extent 82 O.S. Supp.2001 §1324.10 purports to allow the water district to agree to the exclusivity terms of 7 U.S.C. §1926(b) with respect to service of a particular territory (an area broader than the water district's existing customers), § 1324.10 is unconstitutional under Article 5, § 51 of the Oklahoma Constitution.

There is a companion case pending in this court, <u>Beckham County Rural Water District No. 3 v. City of Elk City and the Elk City Public Works Authority</u>, CIV-05-1485. In the companion case, the parties are reversed, and the plaintiff water district essentially alleges that it has a federal right under 7 U.S.C. § 1296(b) to be protected from any curtailment or limitation of its rights to sell water within the Beckham-3 Territory and further alleges that the actions of the city have deprived the rural water district of its rights in violation of 42 U.S.C. §1983.

II. <u>Motion to Remand</u>

Defendant removed this action relying, in part, on 28 U.S.C. § 1441 and federal question jurisdiction.[1]

The burden of establishing federal jurisdiction is on the party seeking removal. <u>Heckelmann v. Piping Companies, Inc.</u>, 904 F. Supp. 1257, 1260 (N.D. Okla. 1995), citing <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92 (1921). Because removal jurisdiction raises significant federalism concerns, the court must strictly construe removal jurisdiction. <u>Heckelmann v. Piping Companies, Inc.</u>, 904 F. Supp. at 1257, citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941). Where a case is removed based on an assertion of federal question jurisdiction, the federal question must appear on the face of the plaintiff's state court petition. <u>Crow v. Wyoming Timber Products, Co.</u>, 424 F.2d 93, 95 (10th Cir. 1970). The controversy must be disclosed on the face of the petition unaided by the answer or by the petition for removal. *Id.*

Count one of the petition seeks declaratory relief, including the following.

The Plaintiffs respectfully ask this Court to declare that in light of Article V, section 51 of the Oklahoma Constitution and its interpretation by the Oklahoma Supreme Court in *Coppage* and *City of Lawton* [referred to as <u>Comanche</u> in this Order], Title 82, section 1324.10 of the Oklahoma Statutes, is <u>unconstitutional</u> under the Oklahoma Constitution to the extent that it provides the District with the authority to enter into loan agreements with the USDA that carry with them exclusive rights to serve a particular territory, its service area -- an area broader than its existing customers.

The Plaintiffs further request that the Court enter an order declaring that complying with state law is a contractual condition precedent upon

---

[1]Defendant also removed under 28 U.S.C. § 1442, based on its argument that the Department of Agriculture is a necessary and indispensable party. This Order need not and does not reach that question.

which [7 U.S.C.] § 1926(b) funding is based; and that under Oklahoma law, the District is without the authority to enter into an agreement that grants exclusive rights to an entity; and that by applying the appropriate contractual analysis required in Spending Clause [Art. I, § 8, cl.1 of the United State Constitution] cases, the District has failed to meet a condition precedent for [7 U.S.C.] § 1926(b) funding and the protection that comes with it, and as a result, the District is not entitled to enforce its claimed unconstitutional monopoly protection.

(Petition, ¶ ¶ 46,47.)

Count one then requests a declaration that the loan agreements upon which the defendant bases its claims of monopoly protection [under 7 U.S.C. §1926(b)] are void. (Petition, ¶ ¶ 48, 49.) Other allegations make clear that all of the loans in question are federal loans from the U.S. Department of Agriculture. (Petition, ¶¶7-10.)

Count two seeks injunctive relief. In that count, plaintiffs request a judgment requiring the defendant to either retire or refinance its federal indebtedness. (Petition, ¶ 56.)[2]

Additionally, the petition's background allegations discuss "Federal requirements on borrowing funds from the USDA," they discuss and quote 7 C.F.R. § 1780.15, they discuss the proper interpretation of the Spending Clause of the United States Constitution, and they discuss 7 U.S.C. § 1926(b) as legislation enacted pursuant to the Spending Clause. (Petition, ¶ ¶ 7-23.) Even more specifically, the petition alleges that the required terms of the contracts between the water district and the U.S. Department of Agriculture are set forth in 7 C.F.R. § 1780.15(b). (Petition, ¶ 23.)

---

[2]The court notes a possible issue as to plaintiffs' standing to seek this type of relief in count two, an issue which it does not resolve today. Federal question jurisdiction is supported by count one and would also be supported by count two if plaintiffs have standing to seek the type of relief they request there.

The "Request for Relief" (or prayer) portion of the petition restates the requests for relief detailed in this Order, along with other requests for relief. (Petition, pp. 15-16.)

The court finds and concludes that a federal question appears on the face of the petition and that removal was therefore proper under § 1441. This determination moots all but one of plaintiffs' other arguments in support of remand. Plaintiffs' surviving argument is that even if this action were properly removed, this court should, in its discretion, remand this action to state court under the Pullman abstention doctrine. (Motion to Remand, pp. 18-20.)

Federal courts may invoke Pullman abstention if a litigation presents two interrelated elements: an unsettled question of state law and the possibility that the state court's construction of the unsettled question will avoid the need to reach the federal constitutional issue or at least materially change the nature of the problem. 17A Moore's Federal Practice, § 122.02[2][a] (Matthew Bender 3d ed.). These elements are interrelated and both must be present for the federal court to abstain. *Id.*

With regard to the requirement that there must be an unsettled question of state law to invoke Pullman abstention, plaintiffs allege that the Oklahoma Supreme Court's decisions in Comanche County Rural Water District No. 1 v. City of Lawton, 501 P.2d 490 (Okla. 1972) and Rural Water and Sewer District No. 4 v. Coppage, 47 P.3d 872 (Okla. 2002) indicate that 82 O.S. Supp. 2001 § 1324.10 is unconstitutional under Article 5, § 51. Plaintiffs recognize, however, that the question of the whether §1324.10 is unconstitutional under Article 5, § 51 was addressed by the Tenth Circuit in Glenpool Utility Services Authority v. Creek County Rural Water District No. 2 v. Farmers Home Administration, United States Department of Agriculture, 861 F.2d 1211 (10th Cir. 1988). In Glenpool, the Tenth Circuit held that § 1324.10 did not violate Article 5, § 51 because Article 5, § 51 prohibited the Oklahoma legislature's

ability to grant an exclusive right, while §1324.10 merely authorized the acceptance of an exclusivity condition required by the *federal* legislature. *Id.* at 1216 (emphasis in original). Plaintiffs argue that Glenpool failed to address the Oklahoma Supreme Court's views on the issue as set forth in Comanche and (after Glenpool was decided) in Coppage. In short, plaintiffs argue that the principal issue presented by this lawsuit was addressed, but wrongly decided, in Glenpool.

Clearly, this is not a situation in which the state courts, or the federal courts applying Oklahoma law, have never addressed the state law issues presented for determination. Nor does the fact that plaintiffs press reconsideration of issues decided in Glenpool necessarily render those issues unsettled. Moreover, abstention is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy which is otherwise properly before it. Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188 (1959). Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. *Id.* Here, two federal court cases are discussed in the petition, Rural Water District #3 v. Owasso Utils. Auth., 530 F.Supp. 818 (N.D. Okla 1979) and Glenpool. (Petition, ¶¶29-30). The federal courts which rendered these decisions did not abstain from deciding the state law issues presented to them.[3] Furthermore, in Coppage, the Oklahoma Supreme distinguished the issues in Glenpool from the issues presented in Coppage. Coppage, 47 P.3d at 876 n.3. In doing so, the Oklahoma Supreme Court never intimated that the federal court should have abstained with regard to the state law issues which were presented to it for determination in Glenpool, a case which was originally filed in state court but which was removed to

---

[3]It is not known whether the parties in those actions moved for abstention, but a court may abstain *sua sponte*.

federal court following the addition of the Farmers Home Administration as a third-party defendant. *See*, <u>Glenpool</u>, 861 F.2d at 1213 (procedural history).

Accordingly, after careful consideration of the parties' positions regarding the propriety of the removal and the need for remand, the court determines that removal was proper and that abstention is not required so that the motion to remand should be denied.

III.  <u>Motion to Certify Questions of State Law</u>

<u>to the Oklahoma Supreme Court</u>

Plaintiffs' motion for certification quotes Wright & Miller for the proposition that "Certification is a means of getting authoritative answers to state law questions in situations in which <u>Pullman</u>-type abstention calls for them." (Motion to certify, p. 2.) The court has now found that <u>Pullman</u> does not call for abstention. Furthermore, the same reasons which support keeping this case in federal court also support denying the motion to certify. Finally, the court notes that defendant has objected to certification and that the two federal court cases discussed in the petition determined state law issues which are the same as or similar to the state law issues raised in this action. Accordingly, after careful consideration of the parties' submissions, the record, and the relevant authorities, the court finds and concludes that certification of the questions proposed by the plaintiffs is not appropriate and that the motion to certify should be denied.

IV.  <u>Conclusion</u>

For the reasons stated in this Order, plaintiffs' "Motion to Remand" is **DENIED**, and plaintiffs' "Motion to Certify Questions of State Law to the Oklahoma Supreme Court" is **DENIED**.

None of the findings or conclusions stated in this Order are intended to serve any purpose beyond determination of the motions currently before the court. Nothing

in this Order should be construed or later argued by the parties to have adjudicated or prejudged in any way the ultimate issues presented for determination in this action. The findings and conclusions stated in this Order do not constitute the law of the case with respect to any issues other than the preliminary issues presented by the motions here addressed.

Dated this 14th day of March, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0035p004(pub).wpd