**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CITY OF ELK CITY and ELK CITY PUBLIC WORKS AUTHORITY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-06-0035-F |
| BECKHAM COUNTY RURAL WATER DISTRICT NO. 3, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the court is "Defendant's Motion to Join the United States Department of Agriculture as a Necessary and Indispensable Party," filed March 3, 2006. (Doc. no. 11.)  Defendant moves under Rule 19, Fed. R. Civ. P., for the compulsory joinder of the United States Department of Agriculture (USDA) as an additional party defendant in this action.  Plaintiffs have responded, and the motion is ready for determination.

### I.  Discussion

The American adversary system of litigation reposes great discretion in the plaintiff to structure litigation. Moore's Federal Practice, §19.02[1] (Matthew Bender 3d ed.)  Among other choices, the plaintiff has the option of whether, and to what extent, to use the permissive joinder provisions of Rule 20, Fed. R. Civ. P., to join multiple plaintiffs or multiple defendants.  *Id*.  The plaintiff's discretion is not absolute, however, because other parties, absentees, and the court, may take action to override the party structure which the plaintiff has chosen for the case.  *Id*.  For example, the court may require joinder of parties necessary for a just adjudication of

a claim under the compulsory joinder provisions of Rule 19, as the defendant has asked the court to do in this case.  *Id*.

The permissive and compulsory joinder rules define three types of parties to litigation, commonly referred to as "proper," "necessary" and "indispensable" parties. *Id*. at § 19.02[2][a].  These three types of parties may be seen as increasingly narrow concentric sets.  *Id*.  The broadest set is that of proper parties, a set governed by Rule 20 and comprised of parties who may be brought in or left out at the plaintiff's option. *Id*.  Rule 19 governs the next smallest set of parties.  In the parlance of Rule 19, this is the set of those needed for just adjudication, or in common parlance, the set of necessary parties.   Necessary parties are proper parties who are so closely related to the pending litigation that their absence creates a risk of harm either to the absentee or the defendant.  *Id.*  Rule 19 embodies the policy decision that avoiding such harm is more important than deferring to plaintiff's autonomy to structure the case.  *Id*. Accordingly, Rule 19(a) provides that the court will order joinder of necessary parties if such joinder can be effected.  *Id*.  Finally, indispensable parties are the narrowest subset of parties, consisting of necessary parties who cannot be joined and whose absence creates such overwhelming potential for harm that the court will dismiss the pending case rather than proceed without the indispensable parties.  *Id*.

This framework requires the court to determine, first, whether the USDA is a necessary party and to determine, second, whether it is feasible to join the USDA.  If the USDA is a necessary party which can be joined, then Rule 19(a) governs.  If the USDA is a necessary party which cannot be joined, then Rule 19(b) governs.

A.  Necessary Parties

Section (a) of Rule 19 provides that a party shall be joined (1) if, in the party's absence, complete relief cannot be accorded among those already parties, or (2) if the party claims an interest relating to the subject of the action and is so situated that the

disposition of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect that interest or (ii) leave any of the entities which are already parties, subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  To determine whether these criteria are met, it is necessary to review the relief requested in the petition.[1]

Plaintiffs could have drafted their petition to seek only declaratory relief regarding the constitutionality of the Oklahoma statute in question.  Instead, they opted to allege entitlement to far-ranging injunctive and declaratory relief.  For example, with respect to injunctive relief, plaintiffs ask the court for a judgment: "requiring the [water] District to perform its duties and obligations under the graduation requirements of its [USDA] loans and either retire or refinance its federal indebtedness"; "preventing the District from entering into any further agreement that carries with it exclusive rights which are violative of state constitutional law"; and "dissolving Beckham County Rural Water District No. 3."  (Petition, p. 17, Request for Relief, ¶ ¶ I, J, K.)  These requests for relief, if granted, would require the USDA to retire or refinance its loans to the water district, would prevent the USDA from entering into future agreements of the same nature, and would dissolve a water district which currently has loan agreements with the USDA.

With respect to declaratory relief, plaintiffs seek a judgment declaring:  that the USDA "loan agreements upon which the District bases its claims of monopoly protection are void for reasons that they are based upon misrepresentations by District to the USDA regarding the District's state-law authority to borrow funds under a contract that carries with it exclusive rights"; "that the [USDA] loan agreements ... are

---

[1]This action was originally filed in the District Court of Beckham County, State of Oklahoma, and was removed to this court.

void for the reasons that they exceed the authority of the District under Oklahoma law"; that the water "District violated Oklahoma law in entering into its loan agreements with the USDA; that the "District has the financial capability to retire or refinance the loans that originated with its loan agreements with the USDA"; and "that the District should retire or refinance the loans that originated with its loan agreements with the USDA." (Petition, p. 16, ¶ ¶ C, D, E, F, G.)  If granted, these requests for relief would result in declarations that the loan agreements between the USDA and the water district are void, that the water district has the ability to retire or refinance the loans, and that the district should retire or refinance its loans from the USDA.

The Petition also requests *quo warranto* relief, and asks that the water district be put into receivership.

Whether any of these remedies are appropriate or meritorious are not questions now before the court.[2]  In order to determine whether the USDA is a necessary party in this action, the court takes the petition as it now stands.

The pleadings allege that the water district borrowed funds on several occasions from the USDA or divisions or agencies of the USDA.  Federal courts consistently hold that a party to an agreement which is in dispute is a necessary party in the action.  *See*, *e.g.*, Enterprise Management Consultants, Inc. v. United States, 883 F.2d 890, 893 (10th Cir. 1989) (Tribe's interest in validity of the contact to which it is a party would be directly affected by the relief plaintiff seeks, within the meaning of Rule 19(a)); Tewa Tesuque v. C.B. Morton, 498 F.2d 240, 242 (10th Cir. 1974) (lessor of the lease agreement is an indispensable party because lessor's interest will

---

[2]A court's determination of whether an absentee party is necessary is made based on the state of the pleadings at the time the motion is brought. *Id*. at §19.02[4][b][iii].

be affected by the judgment; Tribe was indispensable as it could not be joined due to sovereign immunity).[3]

As the USDA is alleged to be a party to challenged agreements, and given the wide-ranging requests for relief stated in the petition which necessarily affect those agreements, the court finds and concludes as follows.  First, the USDA claims an interest in the subject of this action, that subject being the loan agreements between the water district and the USDA.  Second, complete relief cannot be awarded without the presence of the USDA because it is the water district's indebtedness to the USDA which plaintiffs are asking the court to order retired or refinanced by the USDA, and because the loan agreements which the petition asks to be declared void are agreements with the USDA.  Third, the USDA claims an interest in the relief sought by the plaintiffs because the relief sought  necessarily impacts the USDA's interest in its own loans.  Fourth, if the USDA is not a party that may impair the USDA's ability to protect its interests.  Fifth, if the USDA is not a party it may also leave other parties in this action subject to inconsistent obligations should the USDA bring separate litigation at a later date to protect its interest.  For example, if the USDA is not a party and this action is ultimately decided in a way favorable to the plaintiffs so that the loans are declared void, and if the USDA then brings a separate declaratory action in which the validity of the loans is upheld, the water district could then be subject to inconsistent obligations.

Accordingly, the court finds and concludes that the USDA is a necessary party in this action. Although it is not a factor in the court's determination that the USDA is a necessary party, the court further observes that it is not unfair to join the USDA in this action over plaintiffs' objections.  Plaintiffs' considerable discretion to tailor

---

[3]All indispensable parties are also necessary parties.

their choice of parties yields to necessities created by the considerable discretion which plaintiffs exercised when they crafted their requested remedies as broadly as they did.

### B.  Feasibility of Joining

Having determined that the USDA is a necessary party, the next question is whether it is feasible to join the USDA in this action.  Sovereign immunity defeats feasibility of joinder under Rule 19.[4]  *See*, Davis v. United States, 192 F.3d 951, 957-962 (10th Cir. 1999) (discussing sovereign immunity of Tribe in context of whether joinder feasible under Rule 19).  As indicated by the parties' supplemental briefs, the parties agree that if the USDA is a necessary party in this action, that it has waived its immunity to suit here.  In response to the court's request to state by what specific statutory or other basis the USDA may be treated as having waived its immunity to suit, the parties propose two statutes:  28 U.S.C. § 2410 (regarding suits to foreclose a mortgage or other lien upon real or personal property on which the United States

---

[4]Moore's states that feasibility is determined by only three factors.  *Id*. at § 19.02[3][b].  Moore's states that joinder is not feasible 1) if it destroys subject matter jurisdiction, 2) if the court cannot exercise personal jurisdiction over the absentee, or 3) if the absentee party objects to venue, once joined, in which case the rules allow the court to treat the case as one in which joinder is infeasible.  *Id*.  The first criterion is not pertinent here, where there is federal question jurisdiction.  The third criterion is not material until and unless the absentee party is joined and objects to venue.  Although the commentators suggest that the only question with regard to the second criterion is whether the court has personal jurisdiction over the defendant in the sense that it can effect service upon that defendant (*see*, Moore's at § 19.02[3][b] at n. 48, 49, and §19.04[2]), numerous cases consider an absent defendant's possible sovereign immunity in determining whether it is feasible to join that defendant under Rule 19.  If the commentators are correct that there are only three criteria for determining whether joinder is not feasible under Rule 19, then the discussion of sovereign immunity seems to fit best within the second criteria, as a question of whether a defendant is subject to service of process.  Regardless, it is clear that federal joinder rules do not change the tenet that claims against the United States are only permitted if the government has waived its sovereign immunity.  Moore's, at § 20.06[1].  Many cases discuss sovereign immunity as a part of Rule 19's feasability analysis, and this order proceeds on that basis.

claims a mortgage or other lien), and 5 U.S.C. § 702, the Administrative Procedure Act.

Title 28 U.S.C. § 2410 provides that the United States may be named a party in any civil action or suit with subject matter jurisdiction, where that suit is to quiet title to, foreclose a mortgage or other lien upon, partition, condemn, or where a suit involves the United States in interpleader, if the property in question is "real or personal property on which the United States has or claims a mortgage or other lien." The court is not convinced that the United States' interests in the loan agreements which are the subject matter of this action constitute "real or personal property on which the United States has or claims a mortgage or other lien." *See*, *e.g.*, Stewart v. United States, 242 F.2d 49, 51 at n.2 (5th Cir. 1957) (§ 2410 applies only to suits relating to government liens and United States was properly dismissed in action to quiet title in mineral interests); Coastal Rehabilitation Services, P.A. v. Cooper, 255 F. Supp. 2d 556, 560 (D. S. Car. 2003) (§ 2410 does not apply in action filed by speech and occupational therapy services provider against residential care centers to recover for services performed for patients covered by Medicare, because § 2410 only applies when there is a formal lien involved, a conclusion the court noted was supported by the detailed process for resolving liens held by the United States as set forth in §2410(b)-(e)).   Here, the United States' interests affected by this action are interests created and secured by loan agreements with a water district, interests which are a far cry from the types of liens which the courts have held come within the immunity waivers of § 2410.  No party has cited any case law suggesting that § 2410 applies in this context and the court concludes that the United States did not waive its sovereign immunity in this action by 28 U.S.C. § 2410.

Title 5 U.S.C. § 702, the first section of the federal Administrative Procedures Act, provides that a person suffering legal wrong because of agency action, or

adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review.  The Act states that "[a]n action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party."  *Id*.  The Act further states that "[t]he United States may be named as a defendant in any such action."  *Id*.  The Act authorizes judicial review if the action complained of is a final agency action.  5 U.S.C. § 704.

The Tenth Circuit has observed that the 1976 amendments to § 702 of the Act eliminated the sovereign immunity defense in virtually all actions for non-monetary relief against a U.S. agency or officer acting in an official capacity.  Robbins v. United States, 438 F.3d 1074, 1080 (10th Cir. 2006).  Moreover, in Melissa Industrial Development Corporation v. North Collin Water Supply Corporation, 256 F. Supp. 2d 557 (E.D. Tex. 2003), the City brought suit against nonprofit water service association and the USDA, seeking to block USDA's loan and grant for upgrade and improvement of its water supply system.  On motion by the USDA to dismiss it from the action based on claimed immunity, the district court held that sovereign immunity was waived under the Administrative Procedures Act because the USDA's approval of the water association's loan or grant application was a final agency action within the meaning of the Act.  *Id*. at 562. In reaching that decision, the court noted that the Act's finality requirement is flexible and pragmatic.  *Id*.  The court stated that in order for an agency action to be final, the following two conditions must be met:  the action must mark the consummation of the agency's decision-making process, and the action must be one by which rights or obligations have been determined or from which legal consequences will flow.  *Id*.  Applying the Act's requirements in a flexible and

pragmatic manner, the court found that the United States had waived immunity with respect to the USDA's actions concerning its loans and grants to the water district.

As was the case in <u>Melissa Industrial,</u> see findings *id*. at 562-63, the water district loans which are the subject of this suit impose an obligation between the USDA and the defendant, and fix the parties' legal relationship; significant legal consequences also flow from the agency's approval of the loans.    The court concludes preliminarily  that 5 U.S.C. § 702 waives the United States' immunity to this suit brought against the USDA for non-monetary damages and which seeks, among other things, review of the USDA's actions in approving loans to the water district.

Having waived its immunity (as the court has preliminarily concluded it has done), and the parties having suggested no other impediment to the USDA's joinder, the court finds and concludes that the USDA is a necessary party which it is feasible to join in this action and which should be joined. This determination means that Rule 19(a) governs and that Rule 19(b) does not apply.  Rule 19(a) requires joinder of a necessary party which it is feasible to join and states that "[i]f the person has not been so joined, the court shall order that the person be made a party."  Rule 19(a) further provides that "[i]f the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff."  Thus, the Rule provides the district court with considerable discretion regarding the proper alignment of parties who are needed for just adjudication.

Defendant has moved for the USDA's joinder as a party defendant, and the court finds that the USDA should, therefore, be served as a party defendant.  The court further finds that if, after it is served, the USDA wishes to appear in this action as a plaintiff rather than as a defendant, it may move for realignment as a plaintiff, at which time the court will consider that request with the benefit of briefing by the other

parties.  Also, if, after being joined, the United States disagrees with the court's preliminary determination that it has waived its immunity, it may raise the issue by appropriate motion.

## II.  Conclusion

After careful study of the parties' submissions, the record, and the relevant authorities, "Defendant's Motion to Join the United States Department of Agriculture as a Necessary and Indispensable Party" is **GRANTED** to the limited extent that the USDA is determined to be a necessary party, as to whom service is feasible, which should, therefore, be joined under Rule 19(a), Fed. R. Civ. P.  Plaintiffs are **DIRECTED** to take all action necessary to issue and effect service of process on the USDA as an additional party defendant in this action by May 8, 2006.  The papers to be served on the USDA shall include, in addition to a summons, the Petition, all removal papers, and all other filings in this action to date including this order.

Dated this 21st day of April, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0035p005(pub).wpd